JAMES P. DAWSON, Administrator of H. Moss, Deceased, Plaintiff in Error, v. THE ACCIDENT INSURANCE COMPANY OF NORTH AMERICA, Defendant in Error.

St. Louis Court of Appeals, December 17, 1889.

1. **Accident Insurance:** CONSTRUCTION OF POLICY. A policy of insurance against injury by accident, which merely provides that the insured shall be indemnified against loss of time in a certain sum per week, during the period of disability to work, not exceeding twenty-six consecutive weeks, does not entitle the administrator of the insured to any damages in the case of an accident causing the instant death of the insured.

2.  **Practice, Appellate** : NON-PREJUDICIAL ERROR. The admission of incompetent evidence is not ground for the reversal of the judgment, when the evidence could not have been prejudicial.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Wm. E. Garvin,* for the appellant.

The policy in question is to be construed liberally in favor of the assured. *Westfall v. Ins. Co.,* 2 Duer, 490; *Ins. Co. v. Hazelett,* 105 Ind. 212; *Burkhard v. Ins. Co.,* 102 Pa. St. 262; *Potter v. Ins. Co.,* 5 Hill, *149. And, where two interpretations equally fair may be given, that which gives the greater indemnity shall prevail. *Stout v. Ins. Co.,* 12 Fed. Rep. 554; *Ins. Co. v. Hughes,* 10 Lea, 461; *Brink v. Ins. Co.,* 49 Vt. 442; *Miller v. Ins. Co.,* 12 W. Va. 116; *Ins. Co. v. Young,* 58 Ala. 476; 1 Duer on Ins., sec. 8, p. 163. Those provisions of the contract of insurance which have for their object to limit the scope and defeat the purpose of the principal contract should be construed most strongly against the insurer. *Palmer v. Ins. Co.,* 1 Story, 364; *Yeaton v. Fry,* 5 Cr. 341; *McManus v. Gregory,* 16 Mo. App. 381; *Hoffman v. Ins. Co.,* 32 N. Y. 405; *Schrœder v. Ins. Co.,* 109 Ill. 157; *Ins. Co. v. Manning,* 3 Colo. 224. A declaration in the policy, that an application referred to is a part of the contract, cannot apply to the insured when he did not sign or authorize any one to sign such application. *Ins. Co. v. Jackson,* 83 Ill. 302.

*R. H. Kern,* for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a policy of accident insurance. A trial before the court, sitting as a jury, resulted in a verdict and judgment for the defendant, from which the plaintiff prosecutes a writ of error to this court.

It is very plain from an inspection of the terms of the policy itself that the plaintiff was not entitled to recover. The policy was made by filling out a long printed form, which form was drawn so as to be used either for the case of death, or the case of total disability from labor, by accident. The clause of the policy, by which the defendant agreed to pay a principal sum in the case of death, was left blank; but further on in the policy there were these words: "Or if the insured shall sustain bodily injuries by means as aforesaid, which shall, independently of all other causes, immediately and wholly disable and prevent him from the prosecution of any and every kind of business, pertaining to the occupation under which he is insured, then, on satisfactory proof of such injuries, *he shall be indemnified* against loss of time caused thereby, in the sum of *ten dollars per week*, for such period of continuous total disability as shall *immediately* follow the accident and injuries aforesaid, not exceeding, however, twenty-six consecutive weeks from the time of the happening of such accident." The averments of the petition, and the evidence introduced by the plaintiff, showed that the insured was killed almost instantly, while engaged in his business of railway switchman. Such having been the nature of the accident, the theory of the plaintiff is that those beneficially interested in the matter could wait twenty-six weeks, and then procure the appointment of an administrator, and through him bring an action on the policy, on the theory that, having been killed outright, the insured was totally disabled within the meaning of the policy, and was, in some way, entitled to indemnity for a period, not to exceed twenty-six weeks, at the rate of ten dollars per week for the period of such disability. We cannot take hold of any mode of reasoning by which the language of the policy can be construed into a contract to indemnify the deceased for the loss of his

time in case of his immediate death, nor can we understand how a man can be indemnified for the loss of his time, or for the loss of ability to labor, or for anything else, after he is dead. The policy is, on its face, not a death policy, but a mere indemnity policy; and, where the assured is immediately killed, there is nothing upon which it can operate.

Against the objection of the plaintiff, the court admitted in evidence a copy of the application of the insured, in pursuance of which the policy was granted by the defendant. The objection was opposed, on the ground that it was a copy, that the original was in the possession of the defendant and not accounted for, and that there was no evidence that this, or any other application, had ever been made out by the deceased, or that the blanks were filled out at the time the application was signed by the deceased. The objection was overruled, and the plaintiff excepted. The copy of the application, thus admitted in evidence, contained the following clauses : "9. The amount of insurance in case of accidental death. to be $ No.——. 10. The amount of weekly indemnity for total disabling injuries to be ten dollars."

The court committed error in admitting this copy in evidence without proof of the loss or destruction of the original, and without proof that the original, of which it purported to be a copy, had been signed by the assured. But the error was not prejudicial. If the policy of insurance had been ambiguous on its face, and if the original had been proved and put in evidence, and had contained the language above quoted, it would have been material evidence for the defendant, as showing that it was the intent of both parties that the policy should be an indemnity and not a life policy. But, as the policy shows this on its face, the evidence was immaterial, and hence not prejudicial.

The judgment will be affirmed. All the judges concur.