CAROLINE B. VAN BOKKELEN, Plaintiff, *v.* THE TRAVELERS' INSURANCE COMPANY of Hartford, Connecticut, Defendant.

*Accident policy — injuries sustained in falling from a car platform are not sustained "while riding as a passenger in any passenger conveyance."*

Under an accident insurance policy providing that if death results from injuries "sustained while riding as a passenger in any passenger conveyance using steam, cable or electricity as a motive power, the amount to be paid shall be double the sum specified in the clause under which claim is made," a beneficiary is not entitled to recover "double the sum specified," where the insured, while riding as a passenger upon a railroad train, went out from one of the cars upon the open platform at the forward end thereof, from which he fell or was thrown down, and while clinging to the handrail or step of the platform was dragged for some distance by the train, until he finally lost his hold and fell from the car upon a bridge which the train was then crossing, and thence to the ground below, where he was found dead, it not appearing by what means or from what cause the deceased fell or was thrown from the platform.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*George Edwin Joseph,* for the plaintiff.

*W. P. Prentice,* for the defendant.

INGRAHAM, J. :

This is a submission of a controversy on an agreed statement of facts, and the question presented is as to the liability of the defend-

ant under a policy of insurance by which the defendant agreed to insure one Spencer D. C. Van Bokkelen against injuries resulting "through external, violent, and accidental means," and which provided that if " death results from such injuries alone, within ninety days will pay ten thousand dollars to Caroline B. Van Bokkelen, his daughter," with the further provision that " if such injuries are sustained while riding as a passenger in any passenger conveyance using steam, cable or electricity as a motive power, the amount to be paid shall be double the sum specified in the clause under which claim is made."

It is stated in the agreed statement of facts that " on or about the 31st day of July, 1897, and while said policy was in force, the said Spencer D. C. Van Bokkelen was a passenger upon a railway train upon the Morris & Essex Division of the Delaware, Lackawanna & Western Railroad, running from Jersey City to Newark, New Jersey, the platform upon the cars of which train were open platforms, not enclosed by vestibules or doors, equipped with steps for the purpose of reaching said car platform from station platforms, and equipped with iron rods or handrails upon both sides of said steps;" that " while said Van Bokkelen was riding as a passenger upon said train as aforesaid he went out from one of said cars upon the open platform, at the forward end thereof, and while upon said platform he fell or was thrown down and was dragged for some distance while the train was in motion at a speed of from eight to ten miles an hour, holding while so dragged to the handrail or step of the platform. He finally lost his hold and fell from the car upon a bridge which the train was then crossing, and from the bridge upon the ground below, and was dead when reached;" that " it does not appear and is not known by what means or from what cause deceased fell or was thrown from said platform steps." The defendant paid to the plaintiff the sum of $10,000 provided for in clause " e " of the policy, and the question presented was whether, under clause " f " of the policy, the defendant was bound to pay to the plaintiff double the sum mentioned in clause " e," viz., an additional sum of $10,000.

It does not appear from this statement that the insured was injured while upon the car, or that an accident to the train, or to the insured while on the train, caused or contributed to the injury. It

would seem the injuries resulting in his death were sustained by his falling from the car to the bridge, or from the bridge to the ground, or being dragged after falling from the car. The reason for his going upon the platform while the train was in motion is not stated, nor does it appear what caused the deceased to fall or be thrown from the platform or steps of the car. The fact upon which the plaintiff predicates the defendant's liability is that the deceased, being a passenger upon a railroad train and going out upon the car platform, either fell or was thrown from the platform, and was discovered upon the ground dead.

We have here a contract which clearly and without ambiguity expresses the obligation assumed by the defendant. It is that the defendant, " if death results from such injuries (bodily injuries sustained during the term of this insurance, through external, violent and accidental means) * * * will pay ten thousand dollars to Caroline B. Van Bokkelen," and " if such injuries are sustained while riding as a passenger in any passenger conveyance, * * * the amount to be paid shall be double the sum specified." Giving to the latter clause the meaning conveyed by the language used, it would limit the double liability to a case where the passenger sustained the injuries while riding in a passenger conveyance. A conveyance is defined to be " that by which anything is conveyed or transported, or which serves as means or way of carriage, as any vehicle." To entitle the plaintiff to the additional $10,000, it must appear that the injuries were sustained while riding as a passenger in a conveyance used for the transportation of passengers. The clause, therefore, would not be operative where the insured was injured while riding outside or upon such vehicle. A different meaning might be given to the clause if it provided that the passenger must be in a train. But where the liability is confined to a case where the passenger was injured when " in any passenger conveyance," it would seem to exclude an injury received by a person when riding otherwise than inside of a passenger conveyance. Thus it would seem that this clause would not apply if the insured was riding in a baggage car or express car attached to a passenger train, for he would not then be in a passenger conveyance. And so the clause would not apply where the insured was riding on top of a passenger car;

and it would seem to exclude a person riding on the platform of a passenger car, when such platform was not a part of the car reserved for the use of passengers while being transported.  "In the construction of contracts,  *  *  *  the intention of the parties  *  *  *  is to be sought in the words and language employed, and if the words are free from ambiguity, and express plainly the purpose of the instrument, there is no occasion for interpretation.  Contracts or statutes are to be read and understood according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation.  *  *  * If the words employed convey a definite meaning, and there is no contradiction or ambiguity in the different parts of the same instrument, then the apparent meaning of the instrument must be regarded as the one intended." (*Schoonmaker* v. *Hoyt,* 148 N. Y. 431.)

We have seen that the meaning of this clause is quite clear and free from ambiguity.  Are we justified in holding that it was intended to apply to a passenger outside of or upon a passenger conveyance, when the language used is that it was to apply only to a passenger in a passenger conveyance?   There is nothing in the object sought to be attained by this contract of insurance to justify us in giving a broader meaning to this clause.   The policy insured against bodily injuries effected through external, violent or accidental means, without regard to the position of the insured at the time the injuries were sustained, and it fixed a gross sum to be paid to the beneficiary where death resulted from such injuries.   There was no limitation as to the place in which the insured was to be when such injuries were sustained, and the liability of the defendant under this clause of the policy is conceded and has been discharged.   But in addition to the payment of the sum of money, under these circumstances, the defendant was willing to double its liability in case the deceased should sustain injuries when in a particular place, surrounded by such safeguards that there would be less probability of injury.   It is quite apparent that a passenger upon a railroad train is much less exposed to accident when in the car than when approaching the car or when upon the platform, either entering or alighting from it. Many cases have commented upon the fact that a platform of a car in motion is not a safe place for a passenger to ride.   Many things are liable to happen to a train in motion exposing a passenger upon

the platform to danger, to which he would not be exposed if in the car. And this defendant had a right to limit its liability to pay double the amount to the beneficiary when death resulted from injuries in a case where, from the position of the insured, he would be comparatively safe, and the probability of his sustaining injuries under the circumstances quite remote. It would seem, therefore, giving this clause the meaning that the language used would indicate, and considering the object sought to be obtained, that the court would not be justified in extending this construction so as to apply this clause to a death resulting from the injuries specified, as stated in the agreed statement of facts.

An examination of the authorities cited by counsel, and those we have been able to find, where clauses of this character have been construed by the courts, confirms the view above expressed. The decision of the United States Circuit Court of Appeals, in the case of *Ætna Life Insurance Co.* v. *Vandecar* (57 U. S. App. 446) is an express authority for the view we have taken of this clause. In that case the court says : " The words ' in a passenger convey-ance,' were doubtless used advisedly and for the express purpose of limiting the defendant's liability. The reason for so doing is at once apparent ; the place specified in the contract, ' in a passenger convey-ance,' is a place of little or no danger, and the risk assumed is slight, while the platform of a conveyance, using the motive power described in the contract, and especially as in this case, the plat-form of a railway car, is an exceedingly dangerous place when the train, to which the car is attached, is in motion." This case is not unlike that of *London Assurance Corporation* v. *Thompson* (22 App. Div. 68), where under the policy the liability of the defendant was limited to an insurance upon naval stores when in sheds or warehouses. We held that the policy did not attach to naval stores upon the trains or in the yards, or being shipped upon vessels or which were not actually in the sheds or warehouses at the time of the fire.

The case relied on by the counsel for the plaintiff (*Theobald* v. *Railway Passengers' Assurance Co.*, 26 Eng. Law & Eq. Reports, 432) is distinguishable from the case at bar. The policy in that case insured the holder against any accident that happened to him " from railway accident whilst travelling in any class carriage on any

line of railway." The assured was a passenger on a railway train and was injured in getting off the train after it had stopped; and it was held to be a railway accident while traveling in a railroad carriage, within the meaning of the policy. The language used was evidently intended to apply to a passenger using either of the various classes in which English railway trains are divided, rather than to limit the operation of insurance to injuries sustained when he was in the passenger conveyance. And the observation of the court in deciding the case showed that the question presented was, not as to whether the policy was to attach to an injury when the assured was actually in a railroad car, but whether or not the assured was traveling in a carriage after the train had stopped, and whether an injury sustained by a passenger when alighting from a train could be a railway accident. The language there was quite different from clause "f" attached to the policy in this action. Clause "f" of this policy was not by its terms to apply to a person injured by a railroad accident while traveling upon or in a railway train, but the double liability was confined to injuries sustained by the assured while riding "in any passenger conveyance." The case of *Northrup* v. *Railway Passenger Assurance Co.* (43 N. Y. 516), which cited with approval the case of *Theobald* v. *Railway Passengers' Assurance Co.* (*supra*), presented a question similar to that in the last-named case.

Counsel for the plaintiff in stating his contention says that the word "in" is ordinarily accepted as an equivalent of the word "on;" and in construing this clause of the policy he contends that the deceased, while riding as a passenger on a passenger conveyance, steam, cable or electricity, is entitled to the benefit of the clause, that is, if he met his death while traveling as a passenger. We cannot agree with this contention. If such had been the intention of the parties different words would have been used, and the section would not have been limited to injuries sustained while riding as a passenger in a passenger conveyance.

We are of the opinion, therefore, that the defendant is entitled to judgment, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Judgment ordered for defendant, with costs.