THE ALTON RAILWAY, GAS AND ELECTRIC COMPANY

*v.*

EMMA WEBB.

*Opinion filed February 21, 1906.*

1. VARIANCE—*alleged variance must be distinctly pointed out.*
In order to present the question of variance as one of law for re-
view the objection must be made in the trial court, and the vari-
ance must be distinctly pointed out, so that it may be obviated by
amendment of the pleadings.

2. STREET RAILWAYS—*what is not negligence per se on part of
passenger.* A passenger who, upon the failure of the motorman to
heed her signal to stop the car at a certain street, goes to the rear
platform to tell the conductor to stop at the next street and remains
upon the platform rather than push her way back into the crowded
car, is not, as a matter of law, guilty of contributory negligence, al-
though the platform is crowded and the car is running fast, by rea-
son of which the plaintiff is in some way thrown or pushed from
the car and injured.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the City Court of
Alton; the Hon. ALEXANDER W. HOPE, Judge, presiding.

This is an action on the case, brought in the city court
of Alton by Emma Webb, the appellee, against the Alton
Railway, Gas and Electric Company, the appellant, to re-
cover damages for a personal injury sustained by appellee
by reason of being thrown from a moving street car owned
and controlled by appellant in the city of Alton. A trial
before a jury resulted in a verdict for $5000. The plaintiff
remitted one-half of this amount. The court overruled a
motion for a new trial, made by the defendant, and rendered
judgment for $2500. The defendant appealed to the Appel-
late Court for the Fourth District, where the judgment of
the city court was affirmed. This appeal is prosecuted from
that judgment of affirmance.

The evidence shows that shortly before midnight on August 10, 1901, appellee boarded one of appellant's street cars at the village of North Alton in order to ride to Bluff street, in the city of Alton. She lived about two blocks from the place where the car track crosses Bluff street. When she got on the car she took a seat near the middle of the car and next the aisle. The car had a seating capacity for twenty-eight people. It carried sixty-nine people when it started from North Alton on this occasion, and those who could not get seats stood in the aisle and upon the platforms of the car. At the time the plaintiff paid her fare she told the conductor that she wanted to get off at Bluff street. When the car was within a block of that street she pushed a button near her seat, which connected with an electric bell, to notify the conductor that she wanted to get off the car at the next crossing. The bell failed to ring because the motorman of the car had placed a piece of paper back of the switch while the car was waiting at North Alton, in order that the bell could not be rung before the car started, and had neglected to remove the paper. The car did not slacken its speed as it approached Bluff street, and the plaintiff got up from her seat and made her way through the crowded aisle to the rear platform, where the conductor was stationed. She asked him why he did not stop at Bluff street. He inquired whether she had rung the bell, and she replied in the affirmative. He then signaled the motorman to stop at the next crossing. When this signal was given the car had just crossed Bluff street and was going at the rate of from fifteen to twenty miles per hour. Plaintiff did not re-enter the car but waited on the platform for the car to stop, and shortly thereafter was thrown or fell from the rear platform to the ground and was seriously injured. The evidence tends to show that the speed of the car, together with the large number of people on the platforms, caused the car to rock quite violently up and down, especially whenever a low or uneven place in the track was crossed. It further tended

to show that this rocking motion caused the people who were standing to sway and jostle each other, and that because of this condition the plaintiff was thrown or pushed from the car by the crowd on the rear platform, to the ground, at a point about two hundred and twenty-five feet beyond the crossing at Bluff street.

Appellant complains that there was a variance between the declaration and proof, and also assigns error upon the refusal of certain instructions offered by it in the trial court.

LEVI DAVIS, for appellant.

THOMAS F. FERNS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The declaration in this case contains five counts. The appellant says that each count alleges that the plaintiff was thrown from the car to the ground at Bluff street, while the proof shows that the accident did not occur until the car had gone three-fourths of a block beyond Bluff street. It is contended that this discrepancy between the declaration and the proof constitutes a material variance, because the place of the accident is made a matter of essential description by the declaration.

The alleged variance was not pointed out in the city court by any objection to evidence when offered, or by any motion to strike out the evidence on this point after it was admitted and the variance was apparent. Neither was the question raised by offering a peremptory instruction directing the jury to find for the defendant on the ground of a variance, or by offering an instruction directing the jury to disregard the counts of the declaration on that ground. Appellant's contention is that the question was properly raised in the city court and preserved in the record by offering the following instruction which was refused by the court:

"The court instructs the jury that the theory of each of the three counts of plaintiff's amended declaration filed on the 31st day of July, A. D. 1903, is, that plaintiff expected the car to stop at Bluff street, and that she left her seat and went out onto the rear platform of the car before said car reached Bluff street to put herself in a position to alight when the car would stop there, and if the jury believe, from the evidence, that the plaintiff did not leave her seat in the car and go to said rear platform until said car had gone past said Bluff street, and that plaintiff at that time knew that fact but nevertheless went out onto said platform while the car was running at a high rate of speed, then she is not entitled to recover under any of said counts."

This instruction, however, makes no reference to the happening of the accident or to the place where the injury occurred. It only deals with the acts of the plaintiff in going to the rear platform while the car was in motion, and the location of the car, with reference to Bluff street, when the plaintiff left her seat and went to the platform.

In the case of *Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540, it is said that in order to present the question of variance as one of law the objection must be made in the trial court and the variance distinctly pointed out, so as to enable the trial judge to pass upon it understandingly, and to enable the plaintiff, if necessary, to obviate the objection by an amendment to the declaration. This course was not pursued by appellant.

The instruction did not call upon the court for any ruling upon the question of a variance between the declaration and proof. It assumed that there was a conflict in the evidence, and advised the jury that if they found, as a matter of fact, that the proof did not sustain the allegations of the declaration in certain particulars then the plaintiff was not entitled to recover. It is manifest that if the instruction had been given it would not have constituted a determination by the city court that there was a variance between the declaration

and proof, and neither can its refusal be deemed a ruling by the court that there was not such a variance.

It follows from what we have said that the question of variance here urged by appellant is not properly before this court for consideration.

It is said that the instruction above quoted stated the law correctly and should have been given. Appellant's tenth and eleventh instructions were also refused. These three instructions are each subject to the same criticism. The tenth instruction would have told the jury that if plaintiff knew that the rear platform was crowded, and with such knowledge went upon the crowded platform, she could not recover. The eleventh instruction stated that if the plaintiff left her seat in the car, where she was in a safe place, and went to the rear platform, where there was a crowd, and the platform, by reason of the moving and jostling of the crowd, was a dangerous place for her, she could not recover.

These instructions invade the province of the jury. The evidence showed that the plaintiff had informed the conductor that she wanted to get off at Bluff street. When the car was within a block of that street she attempted to signal the conductor to stop the car at that street, by pushing a button which had been placed near the seat for that purpose. This proved ineffectual, as the car did not slacken its speed. She then made her way through the crowd standing in the aisle to the rear platform, where the conductor was stationed, and informed him of her desire to alight at Bluff street. The car had then gone too far to stop at that street, but the conductor signaled the motorman to stop at the next crossing. Instead of pushing her way through the crowd back into the car the plaintiff remained on the platform, waiting for the car to stop. While she was in this position she was thrown or pushed from the platform by the swaying and jostling of the crowd, caused by the motion of the car. Whether, under these circumstances, the hypothesis stated in each of the three refused instructions above mentioned

constituted contributory negligence on the part of the plaintiff was a question for the jury, and not one for the court.

The instructions were therefore properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*