# THE NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES

*vs.*

## JOHN C. FLEMING ET AL.

*Contributory negligence—: when a question for the jury.  Accident insurance: construction; general clauses and exceptions; risks clearly excluded; "total disability"; passengers "within" a railroad car.  Appeals: reversal; granting leave to apply for a new trial.*

When the nature of the act relied on to show contributory negligence can be determined only by a consideration of all the circumstances attending the transaction, it is within the province of the jury to characterize, and it should be left to their determination.                                        p. 183

Where an accident insurance policy covers the risk assumed in a general clause, with an exception in a separate clause, the pleader, relying on the general clause, need not negative the exception; but otherwise where the excepted risk is included in the general clause.                                  .         p. 184

Where an accident insurance policy insures the holder "while riding as a passenger in a place regularly provided for the transportation of passengers *within* a surface, underground or elevated railroad car," it does not cover the case of an insured who, while standing on the platform, stepped and fell from the car while it was in motion.                                    p. 186

A policy of accident insurance should not be extended to include risks clearly excluded from the terms of the contract.
                                                          p. 186

.  The provision, in an insurance policy, for payment in case of "injuries resulting in total disability," was: *Held,* owing to the conditions of the policy, to cover a case where the injuries resulted in death.                                        pp. 188-189

Under section 22 of Article 5 of the Code, providing for the ordering of a new trial, when a case is reversed or affirmed on appeal, the court may reverse without ordering a new trial, but granting leave to the appellees to make application for a new

trial, if they so desire, as to the granting of which application the court may then determine.                    p. 188

*Decided December 2nd, 1915.*

Appeal from the Superior Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Charles W. Main,* for the appellant.

*Daniel R. Randall,* for *Brown, Marshall, Brune & Thomas,* attorneys for the appellees.

THOMAS, J., delivered the opinion of the Court.

This suit was brought by the beneficiaries to recover on an accident insurance policy. The policy was issued by the National Insurance Company of the United States to Anna F. Hunt, on the 28th of May, 1912, and the company, subject to the conditions and limitations therein, thereby promised to pay as follows:

"Section A.                    Total Losses.

"For loss of life......................$2,500.00 &c.
"For loss of both eyes.................$2,500.00 &c.
"For loss of both hands................$2,500.00 &c.
"For loss of both feet.................$2,500.00 &c.
"For loss of one hand and one foot......$2,500.00 &c.
"For loss of one hand..................$ 625.00 &c.
"For loss of one foot..................$ 625.00 &c.
"For loss of one eye...................$ 250.00 &c.

"Provided such loss shall result within 30 days from date of accident, from accidental bodily injuries, solely and independently of all other causes, and only if such injuries are received as follows:

"1st. While actually riding as a passenger in a place regularly provided for the transportation of passengers, within a surface, underground or elevated railroad car, steamboat, public automobile, omnibus, cab or other public conveyance provided by a common carrier for passenger service only; &c."

Under the title "General Agreements" the policy provided that the insurance did not cover fatal or non-fatal injuries resulting from verdigo, "exposure to unnecessary danger," etc., and that the benefits under "Clause 1st of section A shall not apply to any fatal injuries * * * received while entering or leaving, or which may result from attempting to enter or leave any of the conveyances therein specified."

. The declaration contained the common counts in assumpsit, and also a special count, in which, after setting out the issuing of the policy, etc., it was alleged that on the 7th of August, 1912, "while the said Anna F. Hunt was riding as a passenger upon a surface car at Los Angeles, California, and using all proper precaution against accident or injury she was thrown or fell from the car platform of such car to the street and then and there received such injuries as resulted in her death on the said 7th of August, 1912," etc.

The case was tried before the Court without a jury, and at the conclusion of the testimony the defendant offered five prayers. The first three prayers sought to withdraw the case from the Court, sitting as a jury, upon the following grounds: 1. Because the evidence shows "that the injuries which caused the death of the assured were not received while actually riding as a passenger in a place regularly provided for the transportation of passengers within a surface, underground or elevated railroad car provided by a common carrier for passenger service only." 2. Because the evidence shows that the injuries which caused the death of the assured resulted from her exposing herself to unnecessary danger. 3. Because the evidence shows "that the injuries were received while the insured was leaving or resulted from attempting to leave the car." The fourth prayer contained the instruction that if the Court, sitting as a jury, should find from all the evidence that the injuries which caused the death of the assured, "resulted from her exposing herself to unnecessary danger," the verdict should be for the defendant, and the 5th prayer presented the proposition that if the Court should find from all the evidence that the injuries

which caused the death of the assured "were received while leaving, or resulted from attempting to leave the car," then the verdict should be for the defendant. The Court below rejected the first three prayers and granted the fourth and fifth. The defendant excepted to the rejection of its first, second and third prayers, and has brought this appeal from the judgment in favor of the plaintiff for twenty-five hundred dollars.

The evidence, which was taken in Los Angeles, California, under a commission issued out of the Superior Court of Baltimore City, shows that the accident which resulted in the death of the assured occurred about 9:30 o'clock in the evening, in August, 1912, while she was riding as a passenger on one of the street cars of Los Angeles. The front and rear ends of the car on which she was riding were open, and there was a closed compartment in the center. There were six seats on the rear end of the car—three on each side—with an aisle running through the center to the rear platform of the car. The platform was about seven feet wide, and the distance between the back seats and the rear end of the car was about three feet. The two steps from the platform were of the same width as the platform, and there was a hand rail on the rear end of the car.

At the time of the accident the rear end, aisle and platform of the car were crowded with passengers. The assured was apparently not familiar with the streets or route of the car. The conductor in charge of the car testified that when she entered the car she asked him if it went to Tenth and Flower streets, and that when he replied: "No, it goes to Tenth and Figueroa, one block, or Eighth and Flower, two blocks," she said, "All right." According to the testimony produced by the plaintiffs the assured was occupying one of the seats on the rear end of the car, and when the car had passed Flower street and was approaching Figueroa street, she said to one of the witnesses: "Eighth and Figueroa?", and when the witness replied "Yes," she got up and went down the aisle to the platform, and when she reached the

platform she grabbed for the hand rail and missed it and fell or was thrown from the car. The car was stopped, and the assured was found lying on the railroad track in an unconscious condition and died a few hours later. Some of the evidence produced by the defendant tends to show that the assured deliberately stepped from the platform of the car while the car was running at the rate of six or seven miles per hour.

In reference to the second and third prayers it is only necessary to say that the burden was on the defendant to establish the defenses relied upon, and that the question whether the assured was guilty of negligence or of exposing herself to unnecessary danger, and whether she was injured while leaving or attempting to leave the car were, under the circumstances of this case, questions of fact to be determined by the Court, sitting as a jury. 1 *Cyc.* 290; 1 *Corpus Juris.* 497; *Anthony* v. *Merchantile Mut. Acc. Ass'n.,* 162 Mass. 354, 38 N. E. 973; *Freeman* v. *Traveler's Ins. Co.,* 144 Mass. 572; *Preferred Acc. Ins. Co.* v. *Muir,* 126 Fed. Rep. 926; *United Railways* v. *Riley,* 109 Md. 327; *Alton R. Gas and Electric Co.* v. *Webb,* 219 Ill. 563.

The car was approaching Figueroa street, and the rear end and platform of the car were crowded with passengers, and the assured may have gone upon the platform with the view of being prepared to get off the car as soon as it stopped at Figueroa street. We said in the case of *United Railways* v. *Riley, supra,* that "when the nature of the act relied on to show contributory negligence can only be determined by all the circumstances attending a transaction, it is within the province of the jury to characterize it," and in that case the Court refused to hold that the plaintiff was guilty of contributory negligence, as a matter of law, in being on the platform of the car at the time of the accident.

The plaintiffs' evidence was to the effect that the assured fell or was thrown from the platform while the defendant offered evidence tending to show that she stepped from the car while it was in motion. In the case of *Anthony* v. *Mer-*

*chantile Mut. Acc. Ass'n., supra,* the Supreme Judicial Court of Massachusetts said: "The burden being on the defendant to prove that it was from one of the excepted causes, the question remains whether the jury should have been in- structed as a matter of law that the burden had been sus- tained. It is not often, where a party has the burden of proving a fact by the testimony of witnesses, that the jury can be required by the Court to say that the fact is proved. They may disbelieve the witnesses. If the conclusion is to be reached by drawing inferences of fact from other facts agreed, ordinarily the jury alone can draw these inferences." The same rule is stated and applied in the cases of *Calvert Bank* v. *Katz,* 102 Md. 56, and *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176.

The defendant's first prayer presents a different proposi- tion. The policy in question is in effect an undertaking on the part of the defendant to pay the sums mentioned for the losses referred to in section A if the injuries are received by the assured while actually riding as a passenger in a place regularly provided for the transportation of passengers within a surface, underground or elevated railroad car, * * * or other public conveyance provided by a common carrier for passenger service only, and to entitle the plaintiff to recover the twenty-five hundred dollars for loss of life, mentioned in section A, they were required to show that the injuries were received under the circumstances stated in Clause 1. In the case of *Freeman* v. *Travelers Ins. Co.,* 144 Mass. 572, the Court, referring to a policy of insurance, said: "If such an instrument contains in it, first, a general clause, and after- wards a separate and distinct clause which has the effect of taking out of the general clause something that would other- wise be included in it, a party relying upon the general clause, in pleading, may set out that clause only without noticing the separate and distinct clause which operates as an exception; but, if the exception itself is incorporated in the general clause, then the party relying on it must, in plead- ing state it, together with the exception. It is a general rule

of the law of evidence that it is necessary for a party to. prove the substantive facts which he is required affirmatively to aver in his pleading."

The evidence adduced by the plaintiffs shows that the assured at the time she fell or was thrown from the car was not "in a place regularly provided for the transportation of passengers, within," the car, but was on the platform of the car. In the case of *Aetna Life Insurance Co.* v. *Vandecar,* 30 C. C. A. 48, 86 Fed. 282, it was held that a person riding on the platform of a car was not riding *in* a conveyance, and the Court said: "The words 'in a passenger conveyance' were doubtless used advisedly and for the express purpose of limiting defendant's liability. The reason for so doing is apparent. The place specified in the contract 'in a passenger conveyance' is a place of little or no danger and the risk assumed is slight, while on the platform of a conveyance using the motive power described in the contract of insurance, and especially, as in this case, on the platform of a railway car is an exceedingly dangerous place when the train to which the car is attached is in motion. We think that the words used in the contract clearly indicate the intention of the parties." In the case of *Mitchell* v. *German Commercial Acc. Ins. Co.,* 179 Mo. App. 1, the assured was injured while attempting to get on a street car, and the Court held that he was not injured while riding within the car, and said: "The language of the policy is entirely clear to the effect that insurance for accidental death is vouchsafed only in those cases where injuries received which result in death occur while riding as a passenger in a place regularly provided for the transportation of passengers by a common carrier. * * * The Courts are not authorized to seize upon certain and definite covenants expressed in plain English with violent hands and distort them so as to include a risk clearly excluded by the insurance contract." In the case of *Van Bokkelen* v. *Traveler's Ins. Co.,* 34 N. Y. Appellate Div. 399, 54 N. Y. Supp. 307, which was affirmed in 167 N. Y. 590, 60 N. E. 1121, the assured was thrown or fell from the

platform of a car, and the Court held that he was not in-
jured "while riding as a passenger in a passenger convey-
ance," and in the case of *Preferred Acc. Ins. Co.* v. *Muir,*
126 Fed. Rep. 926, the Court distinguished that case, where
the language of the policy was, "riding as a passenger in or
*on* a passenger conveyance," from a case where the pro-
vision of the policy was, "If such injuries are sustained
while riding as a passenger in a passenger conveyance." In
the case of *Anable* v. *Fidelity & Casualty Co. of New York,*
73 N. J. L. 320, 63 Atl. Rep. 92 ; 74 N. J. L. 686, 65 Atl.
Rep. 1117, the language of the policy was somewhat different
from the terms of the policy here in question, but the reason-
ing of the Court is in accord with the cases from which we
have quoted. The case of *King* v. *Traveler's Ins. Co.,* 101
Ga. 64, placed a different construction upon the words, "in
any passenger conveyance," and held that the plaintiff, who
was injured while attempting to alight from a moving street
car was entitled to recover. But that case relied upon the
statement in 2 *May on Ins.,* sec. 524, where it is said : "A
person may be said to be traveling in a carriage while alight-
ing therefrom, until he has completely disconnected himself
and alighted," and the case of *Northrop* v. *Ry. Passenger
Assurance Co.,* 43 N. Y. 516. In the case at bar the policy
exempts the company from liability for injuries received
while the assured is entering or leaving a car, and in the
case of *Northrop* v. *Ry. Passenger Assurance Co., supra,*
the terms of the policy were unlike the provisions of the
policy in this case and the case of *Van Bokkelen* v. *Traveler's
Ins. Co., supra.* The language of the policy with which we
are now concerned, while "riding as a passenger in a place
regularly provided for the transportation of passengers, with-
in a surface, underground or elevated railroad car," is too
clear and free from ambiguity to admit of any doubt as to
the intention of the parties, and should not therefore be con-
strued to include risks clearly excluded by the terms of the
contract.

The defendant's first prayer refers to the pleadings in the case, and in their declaration the plaintiffs seek to recover only on the promise in the policy, in section A, to pay twenty-five hundred dollars for loss of life. Therefore as the contract of the defendants, in section A, was to pay the twenty-five hundred dollars for loss of life if the assured was injured while riding as a passenger *within* a surface, underground or elevated railroad car, and as the evidence shows that the assured at time she received the injuries which resulted in her death was not riding *within* the car from which she fell or was thrown, the defendant's first prayer should have been granted.

There are only two other exceptions, and they relate to the rulings of the Court on the evidence. The evidence admitted in the first exception, and the evidence the Court refused to strike out in the second exception could not have injured the defendant, and even if it was inadmissible, its admission would not constitute reversible error.

In section C of the policy the following provision was made for "Special Indemnity.": "Should the assured sustain any bodily injury, effected exclusively by external, violent or accidental means, not happening as specified in section A hereof, which shall, independently of all other causes, immediately, continuously and wholly disable the assured and be the sole cause of one of the total losses mentioned in section A, within thirty days of the date of the event causing such injury, the company will pay one-twenty-fifth of the amounts specified in section A for such loss."

As the assured sustained a bodily injury, which did not happen as specified in section A, and which, independently of all other causes, immediately, continuously and wholly disabled the assured, and was the sole cause of her death, one of the total losses mentioned in section A, the plaintiffs would, under proper pleadings, be entitled to recover under section C one-twenty-fifth of the twenty-five hundred dollars mentioned in section A for loss of life.

There are cases holding that the words "wholly disable" and the words "total disability" do not include death, but these cases all rest upon the particular provisions of the policy under consideration. *Hall* v. *American Liability Insurance Co.,* 96 Ga. 413; *Dawson* v. *Accident Ins. Co. of North America,* 38 Mo. App. 355. Here the policy refers to injuries wholly disabling the assured and causing one of the losses mentioned in section A, and one of the losses mentioned in section A is the loss of life. Moreover section C is obviously intended to cover the losses mentioned in section A resulting from injuries not received under the circumstances stated in Clause 1 of section A, and which would not otherwise be covered by the policy.

Section 22 of Article 5 of the Code provides: "In all cases where judgment shall be reversed or affirmed by the Court of Appeals, and it shall appear to the Court that a new trial ought to be had, such new trial shall be awarded," etc. In this case we will reverse the judgment without awarding a new trial, but we will grant the appellees leave to make application for a new trial, if they so desire, and then determine whether it shall be awarded. *Milske* v. *Steiner Mantel Co.,* 103 Md. 235; *State* v. *Wilson,* 107 Md. 129.

*Judgment reversed, with costs to the appellant.*